# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN L. TURNER,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 21-CV-1480-JPS<br><br><br>**ORDER** |

  Plaintiff filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1 and #2). The Court may grant Plaintiff's motion to proceed *in forma pauperis* if it determines that: (1) Plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) Plaintiff's action is neither frivolous nor malicious. 28 U.S.C. §§ 1915(a), (e)(2).

  As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In his motion for leave to proceed *in forma pauperis*, Plaintiff made statements about his income, expenses, and assets under oath. (Docket #3). Plaintiff avers that he is unemployed, married, and has three dependents aged twelve and under. (*Id.* at 1). His monthly expenses total $2,794 and he has no income. (*Id.* at 2–3). His expenses include rent, groceries, clothing, medical costs, and utilities for a family of five. (*Id.*) His wife's monthly income consists of $1,786.19; they also receive $900 in food

benefits and an additional $215 in child support payments. He owns a car valued at approximately $500 and has no other assets. (*Id.* at 3). He explains that he is a stay-at-home parent, and his spouse covers the bills. (*Id.*) The Court notes that the household's income covers its expenses by a margin of approximately $142—meaning it would take three months and no unforeseen expenses to save up the filing fee. Based on this information, the Court is satisfied that Plaintiff is indigent and cannot afford the filing fee.

As to the second requirement, the Court cannot say, at this stage, that Plaintiff's action is either frivolous or malicious. Plaintiff submitted a complaint which includes allegations that the administrative law judge ("ALJ") erred in reaching a decision. (*See* Docket #1). If that contention is true, then the Court will be obliged to vacate the ALJ's decision. For the reasons stated herein, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge